**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **CATHERINE RABER** | : |
| **2119 S Street, NW** | |
| **Washington, DC 20008** | : |
| | |
| **Plaintiff,** | : |
| | |
| v. | :     **Case No.** |
| | |
| **NATIONAL RAILROAD PASSENGER** | : |
|   **CORPORATION d/b/a AMTRAK** | |
| **60 Massachusetts Avenue** | : |
| **Washington, DC 20002** | |
| | : |
| **Defendant.** | |
| | : |

## COMPLAINT FOR DAMAGES
### (Passenger Injured in Amtrak Train Crash)

## JURISDICTION AND VENUE

1. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331, federal question jurisdiction, because Defendant Amtrak is regulated by the laws of the United States.

2. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) because the Defendant Amtrak has its principal place of business in the District of Columbia.

## PARTIES

3. Plaintiff Catherine Raber is and was at all times relevant herein an adult citizen and resident of the District of Columbia.

4. Defendant National Railroad Passenger Corporation d/b/a Amtrak ("Amtrak") is a corporation or other business entity with a principal place of business and/or an office for acceptance of service at 60 Massachusetts Avenue, Washington, D.C. 20002, and regularly conducts business in the District of Columbia.

5. At all times relevant, Defendant was acting by and through its employees, servants, agents, workmen, and/or staff, all of whom were acting within the course and scope of their employment, for and on behalf of the Defendant.

## FACTS

6. On or about May 12, 2015, Plaintiff Catherine Raber was a passenger on board Train 188 that was owned, operated, maintained, and controlled by Defendant Amtrak.

7. At approximately 7:10 p.m., Amtrak Train 188 departed from Washington, D.C.'s Union Station.

8. Train 188 made multiple stops along the way to its final destination at Penn Station in New York, NY, including 30th Street Station in Philadelphia, PA.

9. Train 188 left the 30th Street Station in Philadelphia, PA shortly after 9:00 p.m. with Amtrak engineer, Brandon Bostian, at the controls.

10. Mr. Bostian had served as an engineer with Amtrak since December 2010 and was a conductor with Amtrak for four previous years. At all relevant times, Mr. Bostian was working within the course and scope of his employment with the Defendant.

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

- 2 -

11.     Shortly after departing from 30th Street Station in Philadelphia, PA the Defendant, through its engineer, Brandon Bostian, caused Train 188 to travel at a grossly excessive speed and into a sharp curve located at or near Frankford Junction in Philadelphia, Pennsylvania.

12.     Wayside signals alerted or should have altered the operator of Train 188 to the sharp and dangerous curve ahead to warn him to reduce speed.

13.     Defendant Amtrak had been on notice of this dangerous turn and tracks in the location of Frankford Junction for decades.

14.     Despite this, Amtrak, by and through its engineer, failed to slow the train and, upon information and belief, pulled the emergency brake seconds before the crash, slowing it from, or around, 106 miles per hour to, or around, 102 miles per hour when the train violently twisted off the rails.

15.     The violent and high speed derailment resulted in the engine detaching from the first car which became unrecognizably mangled and detached from the second car.

16.     Plaintiff was thrown violently and hit her head on the window. The derailment threw another passenger across the aisle and then crashing into the Plaintiff's outstretched arms.

17.     Plaintiff exited the train and ran through the surrounding brush. She was taken from the scene of the incident in a police vehicle to Temple University Hospital Emergency Room.

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

18. At all times relevant to this accident, Defendant Amtrak knowingly failed to equip Train 188 with a Positive Train Control System ("PTC"). Had Amtrak properly installed a PTC system that is designed to slow the train and prevent accidents before they occur, the accident would not have occurred.

19. PTC is a GPS communication- and processor-based train control technology designed to prevent train-to-train collisions as well as over-speed train derailments.

20. PTC provides real-time information to train crew members about, among other things, the areas in which a train must be slowed or stopped and the speed limits at approaching curves and other reduced-speed locations.

21. PTC also warns the train crew of the train's safe braking distance in curved or reduced-speed locations, and displays the same on screens inside the locomotive's cab.

22. The PTC system works to automatically stop a train if the train operator fails to begin stopping a train or slow a train down within a speed-restricted area.

23. If the engineer does not respond to the ample warnings and on-screen displays, the positive train control system will automatically activate the brakes and safely stop the train.

24. The PTC system was designed specifically to prevent train-to-train collisions and prevent derailments caused by excessive speeds, among other purposes.

25. At all times relevant hereto, PTC systems were affordable, available and feasible and intended to improve safety.

26. Currently, PTC systems are operational on various stretches of railroad throughout Massachusetts, Connecticut, New Jersey, Maryland, and Delaware.

27. Defendant Amtrak knowingly and intentionally failed to put in place a PTC system on the Amtrak Train 188 and/or on the Northeast Corridor, where this tragic preventable accident occurred.

28. Amtrak also utilizes an automated control system/advanced civil speed enforcement system which uses mechanical means to slow down trains traveling at excess speeds.

29. Amtrak utilizes automated control system/advanced civil speed enforcement system for trains traveling southbound in the area of this accident, but failed and/or refused to utilize this safety system for trains traveling northbound, such as Train 188.

30. Thus, Amtrak failed to use available and in0use safety technology for trains and passengers on the accident stretch of track which would have prevented this horrific incident.

31. The computer/alert system which was in the Amtrak Train 188 failed to properly alert the engineer of the need to reduce speeds.

32. The train-control system in place on Train 188 was defective in that it allowed the operator(s) of the train to bypass and/or ignore the alarm signal.

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

- 5 -

33. The operator(s) of the train bypassed and/or ignored the alarm signal.

34. The train-control system in place on the Train 188 failed to adequately stop or slow down the train.

35. The locomotive of Train 188 was manufactured and built by Siemens in 2014.

36. Amtrak failed to use readily available and safer train control and/or alert system technology, which would have prevented this tragedy.

37. Through its reckless operation on the tracks and inexcusable decision to not include a necessary safety system, Amtrak caused this horrific tragedy which killed at least eight people and injured hundreds. Plaintiff suffered serious injuries as a result of Amtrak's negligence.

38. Amtrak, through its President and CEO, has admitted that it is responsible for the accident and for the injuries caused to Plaintiff and her fellow passengers.

## **COUNT I**
**(Negligence)**

39. Plaintiff incorporates, by reference, paragraphs 1 through 38, and further alleges that Train 188 was operated by Defendant Amtrak at the time of the derailment.

40. Plaintiff alleges that Defendant Amtrak owed its passengers the highest duty to ensure their safety during their travels.

41. Plaintiff alleges that she and the other passengers on Train 188 trusted Amtrak with their lives as they rode as passengers on the train with no ability to control

the operation themselves or prevent a derailment. Defendant Amtrak controlled the train route, the tracks and signals on the tracks.

42. Plaintiff alleges that Defendant Amtrak, by and through its employees and/or agents, breached the duty owed to Plaintiff in some or all of the following ways:

   a. By operating Train 188 at over twice the legal speed limit;

   b. By operating Train 188 at 106 mph just before the derailment;

   c. By operating Train 188 at 102 mph at the time of the derailment;

   d. By failing to slow down as Train 188 approached the dangerous curve at Frankford Junction;

   e. By failing to adequately train the operator and crew on the train;

   f. By hiring an incompetent operator, engineer and/or crew to operate the train;

   g. By failing to ensure the train was equipped with a PTC or other speed limiting system;

   h. By failing to ensure the train was equipped with an advanced civil speed enforcement system;

   i. By failing to properly inspect the train in question;

   j. By failing to properly maintain and/or repair the train in question;

   k. By failing to properly maintain and/or repair the railroad tracks/track system in question;

   l. By failing to take proper action in response to complaints about the railroad tracks in question;

   m. By permitting a train carrying hundreds of passengers to enger the sharp turn at Frankford Junction at speeds of 106 mph, even though the speed limit was 50 mph;

   n. By failing to have properly trained personnel inspect the condition of the train's control system;

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

- 7 -

   o. By failing to have properly trained personnel inspect the condition of the railroad's train-control system;

   p. By failing to perform required inspections of the railroad tracks/track system in question;

   q. By failing to perform required inspections of the train in question;

   r. By failing to install a proper train-control speed system;

   s. By violating governmental statutes, regulations and requirements with respect to the train and train system in question;

   t. By failing to properly inspect, maintain, and repair the signal system associated with the train and train tracks in question;

   u. By failing to comply with the Defendant's own safety, operating, and other rules, procedures and regulations;

   v. By allowing improperly trained and unqualified personnel to operate the train in question;

   w. By failing to comply with the rules of the Northeast Operating Rules Advisory Committee (NORAC);

   x. By failing to use shatterproof glass for the windows of the train;

   y. By failing to comply with the Rail Safety Improvement Act (RSIA); and

   z. By failing to comply with the Federal Locomotive Inspection Act.

43. As a direct and proximate result of Defendant Amtrak's negligence, Plaintiff has suffered numerous severe injuries, including but not limited to bruises, injuries to her head, and a sprained left arm from hyperextension, some or all of which are permanent in nature.

44. As a further direct and proximate result of the Defendant Amtrak's negligence, Plaintiff has incurred and will continue to incur substantial medical

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

- 8 -

expenses, has suffered and/or will continue to suffer a loss of wages and/or of wage-earning capacity, and has suffered and will continue to suffer severe physical pain and mental anguish.

45. At all times relevant here, Brandon Bostian and/or the other Amtrak agents, servants and/or employees on Train 188, were acting within the course and scope of their employment with Amtrak; therefore, Defendant Amtrak is liable for the negligent acts and/or omissions committed by Mr. Bostian and/or other agents, servants and/or employees.

## COUNT II
**(Negligent Hiring and Supervision)**

46. Plaintiff incorporates, by reference, paragraphs 1 through 45, above, and further allges that, at all relevant times, Brandon Bostian was a duly authorized agent and/or employee of Defendant Amtrak, placed by Amtrak in the position of train engineer.

47. At all relevant times, Defendant Amtrak was responsible to assure and maintain its passengers' safety and well-being while travelling on its trains. As such, the Defendant had a duty to properly investigate, credential, qualify, select, hire, monitor, supervise, and retain only competent engineers. Defendant further had a duty to promulgate proper and effective standards, procedures, protocols, systems and rules to ensure the safety and well being of its passengers.

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

48. Plaintiff alleges that Defendant Amtrak breached these duties owed to Plaintiff in some or all of the following ways:

   a. By failing to appropriately credential, qualify, select, investigate, monitor and/or otherwise supervise Brandon Bostian during his employment and/or association with the Defendant;

   b. By hiring Brandon Bostian as an engineer when it knew or should have known that Bostian was unfit and/or unqualified to act as an engineer;

   c. By failing to take appropriate actions to ensure the safety and privacy of passengers, including but not limited to utilization of PTC and/or other equipment on its trains, including Train 188;

   d. By hiring an incompetent engineer, operator and/or crew to operate the train;

   e. By failing to have properly trained personnel inspect the condition of the train and/or train tracks;

   f. By failing to have properly trained personnel inspect the condition of the train's control systems; and,

   g. By operating Train 188 at 106 mph just before the derailment.

49. As a direct and proximate result of Defendant Amtrak's continuing breaches of the applicable standards of care, Plaintiff has incurred and will continue to incur substantial medical expenses, has suffered and/or will continue to suffer a loss of wages and/or of wage-earning capacity, and has suffered and will continue to suffer severe physical pain and mental anguish.

## COUNT III
### (Negligent Entrustment)

50. Plaintiff incorporates, by reference, paragraphs 1 through 49 above, and further alleges that Defendant Amtrak appointed, engaged, employed and/or contracted

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

with Brandon Bostian to act as its duly authorized agent, servant and/or employee and permitted him to remain as such through May 12, 2015.

51. Plaintiff further alleges that at all times relevant hereto, Defendant engaged Mr. Bostian to act as the engineer for Amtrak Train No. 188 on May 12, 2015. In connection with granting Mr. Bostian these privileges, Defendant Amtrak entrusted Mr. Bostian with the control of the train, as well as the safety and well-being of its passengers and employees, including Plaintiff.

52. At all times relevant, Defendant owed a continuing duty to the Plaintiff and all other similarly situated passengers to use reasonable care to ensure that Brandon Bostian was trustworthy, competent, and fit to safely and appropriately act as the engineer of an Amtrak Passenger Train, including Train 188.

53. At all times relevant hereto, Defendant knew or should have known, and/or had actual or constructive knowledge and/or reasonable suspicion that Mr. Bostian was unfit to act as the engineer for an Amtrak Passenger Train, including Train 188, and transport passengers, including Plaintiff.

54. Plaintiff alleges that Defendant Amtrak negligently breached these duties and failed to carry out its responsibilities in accordance with the level of care and skill expected of a reasonably prudent corporation under the same or similar circumstances, by entrusting Mr. Bostian with their passengers, including the Plaintiff, and with the duties and responsibilities of train engineer.

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

55. As a direct and proximate result of Defendant Amtrak's continuing breaches of the applicable standards of care, Plaintiff has incurred and will continue to incur substantial medical expenses, has suffered and/or will continue to suffer a loss of wages and/or of wage-earning capacity, and has suffered and will continue to suffer severe physical pain and mental anguish.

## COUNT IV
**(Negligent Infliction of Emotional Distress)**

56. Plaintiff incorporates, by reference, paragraphs 1 through 55, above, and further alleges that the Plaintiff suffered a physical impact in the course of the subject accident.

57. Plaintiff further alleges that she was in a "zone of danger" and at risk of an immediate physical injury and indeed, suffered such a physical injury.

58. Plaintiff further alleges that Defendant's actions placed her in imminent apprehension of the death of other passengers in her immediate vicinity.

59. As a direct and proximate result of the negligent and outrageous conduct of the Defendant and Plaintiff's sensory and contemporaneous observation of the catastrophic accident and the catastrophic injuries suffered by other train passengers in her immediate vicinity, Plaintiff experienced severe emotional distress and extreme mental pain and suffering for which she required medical treatment.

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

## COUNT V
**(Punitive Damages)**

60. Plaintiff incorporates, by reference, paragraphs 1 through 59, above, and further alleges that Defendant, by and through its agents and employees, operated the subject train at a rate of speed in excess of 100 mph and twice the posted speed limit prior to derailment.

61. Plaintiff further alleges that the operation of a passenger train at a rate of speed twice the speed limit is reckless and outrageous.

62. Plaintiff alleges that Defendant Amtrak blatantly ignored the safety and design recommendations of the National Transportation Safety Board regarding the use and implementation of the PTC system.

63. Plaintiff further alleges that Defendant Amtrak knew that the dangerous condition in conjunction with the lack of the PTC system on its train posed a very high risk of serious bodily injury and/or death to passengers.

64. Plaintiff further alleges that Amtrak knowingly, willfully, and intentionally failed to take proper and recommended action to make its trains safe for passengers.

65. Plaintiff further alleges that Defendant's conduct rises to the level of outrageous conduct by willfully and recklessly ignoring the known dangerous condition of Train 188 and Frankford Junction which caused death and injuries.

66. Plaintiff further alleges that Defendant acted in a willful, wanton, and reckless disregard for the safety of its passengers and this derailment was the result of

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

conduct carried out by Amtrak with a conscious and flagrant indifference to the rights and safety of others.

67. Plaintiff further alleges that this and other misconduct constituted outrageous, willful, and/or wanton misconduct, and manifested a reckless indifference to the rights of others to support an award of punitive damages.

WHEREFORE, Plaintiff Catherine Raber demands judgment against Defendant Amtrak in the full and just amount of One Million Dollars ($1,000,000.00), plus interest, costs, attorneys' fees and punitive damages.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury with respect to each claim in this Complaint.

Respectfully submitted,

REGAN ZAMBRI LONG

By: /s/ *Patrick M. Regan*
 Patrick M. Regan
 pregan@reganfirm.com
 Paul J. Cornoni
 pcornoni@reganfirm.com
 Christopher J. Regan
 pregan@reganfirm.com
 1919 M Street NW, Suite 350
 Washington, DC  20036
 PH:  (202) 463-3030
 FX:  (202) 463-0667
 *Counsel for Plaintiffs*